# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————————

No. 23-3056

———————————————

UNITED STATES OF AMERICA,           Appellee,

v.

LUKE WESSLEY BENDER,           Appellant.

## JOINT MOTION TO GOVERN FURTHER PROCEEDINGS

Pursuant to this Court's Order entered on January 16, 2024, appellant Luke Bender, and appellee, the United States of America, submit the following motion to govern future proceedings in this appeal. The parties respectfully request that the Court vacate Bender's conviction under 18 U.S.C. § 1512(c)(2)—leaving his other counts of conviction intact—and remand the case for further proceedings. In support of this motion, the parties state as follows:

1.     Following a stipulated bench trial, Bender was convicted on six counts for his conduct at the United States Capitol on January 6, 2021: (1) Obstruction of an Official Proceeding, in violation of 18 U.S.C.

§ 1512(c)(2); (2) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (4) Entering and Remaining on the Floor of Congress, in violation of 40 U.S.C. § 5104(e)(2)(A); (5) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (6) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

2.    As reflected in Bender's Opening Brief, he raises three claims on appeal—all of which involve his § 1512(c)(2) conviction. First, he challenges the validity of his § 1512(c)(2) conviction. Second, he argues that the district court erred in applying the sentencing enhancement under U.S.S.G. § 2J1.2(b)(2) because Congress's certification of a presidential election does not constitute "administration of justice," as that term is used in § 2J1.2. Third, he argues that his sentence was substantively unreasonable. Bender does not challenge his remaining convictions on appeal.

3.    On January 16, 2024, after Bender filed his opening brief, the Court held this case in abeyance pending the disposition of three cases:

*United States v. Fischer*, No. 22-3038, *United States v. Brock*, No. 23-3045, and *United States v. Robertson*, No. 22-3062. The parties were ordered to file motions to govern future proceedings within 30 days after the mandates issued in those three cases.

4.     On March 1, 2024, this Court decided *Brock*, holding that, "for purposes of Sentencing Guideline 2J1.2, the phrase 'administration of justice' does not encompass Congress's role in the electoral certification process." *United States v. Brock*, 94 F.4th 39, 51 (D.C. Cir. 2024). This Court issued the mandate in *Brock* on April 23, 2024. On June 28, 2024, the Supreme Court decided *Fischer*, holding that § 1512(c)(2) requires proof that the defendant impaired or attempted to impair "the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding," and remanded the case to this Court for further proceedings. *Fischer v. United States*, 144 S. Ct. 2176, 2190 (2024). This Court issued its mandate in *Fischer* on August 7, 2024. The mandate in *Robertson*, which also involved the application of § 1512(c)(2), issued on May 28, 2024.

5.     Given the Supreme Court's decision in *Fischer*, the parties respectfully move to vacate Bender's conviction under 18 U.S.C.

§ 1512(c)(2)—leaving the remaining convictions intact—and remand this case for further proceedings.[1]

## CONCLUSION

WHEREFORE, appellant Luke Bender, and appellee, the United States of America, respectfully request that the instant motion be granted.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

CHRISELLEN R. KOLB
Assistant United States Attorney

_____/s/_____
MARY C. FLEMING
D.C. Bar # 1048019
Assistant United States Attorney
601 D Street, NW, Room 6.232
Washington, D.C. 20530
Mary.Fleming@usdoj.gov
(202) 252-6829

---

[1] The Court need not resolve Bender's sentencing challenges because both are tied to the Guidelines calculation for his § 1512(c)(2) conviction and will be moot upon its vacatur. The United States acknowledges that the "administration of justice" enhancement under U.S.S.G. § 2J1.2(b)(2) does "not apply to interference with the legislative process of certifying electoral votes." *United States v. Brock*, 94 F.4th 39, 42 (D.C. Cir. 2024).

**SILVERMAN | THOMPSON | SLUTKIN | WHITE LLC**

 */s/ Christopher Macchiaroli*
Christopher Macchiaroli
(D.C. Bar No. 491825)
1775 I Street, NW, Suite 1150
Washington, D.C. 20006
Telephone: (202) 539-2444
cmacchiaroli@silvermanthompson.com

Emma J. Mulford
(Bar No. MD0146)
400 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 385-6249
Facsimile:  (410) 547-2432
Email: emulford@silvermanthompson.com

*Counsel for Appellant Luke Wessley Bender*

# CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this motion contains 837 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This motion has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
_____
MARY C. FLEMING
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Christopher Macchiaroli, Esq., on this 28th day of August, 2024.

/s/
_____
MARY C. FLEMING
Assistant United States Attorney
